# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY & PEERLESS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | ) Docket no. 2:12-cv-43-GZS |
| v. | ) |
| ROBBIN W. FROST, | ) |
| Defendant. | ) |

## ORDER & REPORT OF CONFERENCE

In accordance with the Procedural Order (Docket # 11), the Court held a conference of counsel on April 24, 2012. Attorney John S. Whitman appeared for Plaintiffs. Attorney Robert Furbish appeared for Defendant Robbin Frost. Following the Conference, the Court hereby ORDERS that the following procedure be followed in connection with the parties' cross-motions for summary judgment:

On or before **May 16, 2012**, the parties shall file cross-motions for summary judgment (the "cross-motions"). Plaintiffs sought leave to exceed the page limit, and the Court GRANTS Plaintiffs' request. The cross-motions filed by each side shall not exceed 25 pages. In accordance with Local Rule 7(b), each side shall file any response to the other party's cross-motion within 21 days of filing. In light of the cross-motions, the Court does not anticipate the need for reply briefs. However, in accordance with Local Rule 7(c), either side may file a reply upon determining that it must respond to any new issue raised in the response memoranda.

With respect to the factual record to be submitted in support of the cross-motions, the parties indicated at the conference a desire to make a joint filing of at least some of the

documents that the Court will consider in deciding the cross-motions. The parties shall file their joint record as separate attachments under the title "JOINT RECORD ON SUMMARY JUDGMENT." The Joint Record and any other stipulations shall be submitted on or before **May 16, 2012**. The Court welcomes joint stipulations of fact and reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). The submission of the Joint Record and any other stipulations shall not prevent either side from submitting statements of material fact or additional documents to support their respective statement of material facts.

To the extent that either side wishes to file a statement of material fact to supplement the May 16, 2012 filing, the Court also expects the parties' filings will comply with all aspects of Local Rule 56. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 24th day of April, 2012.